David A. Chami, AZ #027585
PRICE LAW GROUP, APC
1204 E Baseline Rd., Suite 102
Tempe, AZ 85283
T: 818-907-2133
F: 866-401-1457
E: david@pricelawgroup.com
Attorney for Plaintiff
Kathleen Arthur

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

KATHLEEN ARTHUR,

Plaintiff,

vs.

KEY BANK USA, N.A.; MACY'S, INC.; DEPARTMENT STORES NATIONAL BANK; VERIZON WIRELESS (VAW), LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; TRANSUNION, LLC.

Defendants.

Case No.:

**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**

1. THE FAIR CREDIT REPORTING ACT [15 USC § 1681 et. seq.];

## INTRODUCTION

1. Kathleen Arthur ("Plaintiff") brings this action to secure redress from Key Bank USA, N.A. ("Key Bank"), Macy's, Inc. ("Macy's"), Department Stores National Bank ("DSNB"), Verizon Wireless (VAW), LLC ("Verizon"), Experian Information Solutions Inc. ("Experian"), Equifax Information Services LLC ("Equifax"), and TransUnion, LLC ("TransUnion"), (herein collectively as "Defendants") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq., and their agents for their illegal reporting on Plaintiff's credit reports.

**PARTIES**

2. Plaintiff Kathleen Arthur is a natural person who resides in the city of Phoenix, Maricopa County, Arizona 85016. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681(a) and 1692a(3).
3. Key Bank, offers and services student loans products. Key Bank has its principal place of business is located at 127 Public Sq. Cleveland, OH 44114.
4. Key Bank is in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b).
5. Macy's offers retail credit products and has its principal place of business located at 7 West Seventh Street, Cincinnati, OH 45202.
6. Macy's is in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b).
7. DSNB is a corporation with its principal place of business located at 701 East 60th Street, Sioux Falls, SD 57104.
8. DSNB is in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b).
9. Verizon is a corporation offering wireless services with its principal place of business at 140 West Street, New York, NY 10007 and can be served through its registered agent CT Corporation System located at 3800 N. Central Ave., Suite 460, Phoenix, AZ 85012.

10. Verizon is in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b).

11. Experian is a *credit reporting agency*, as defined in 15 USC 1681a(f). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Experian can be served through its registered agent CT Corporation System located at 3800 N Central Ave., Suite 460, Phoenix Arizona 85012.

12. Equifax is a *credit reporting agency*, as defined in 15 USC 1681a(f). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Equifax can be served through its registered agent Prentice-Hall Corp System located at 2338 W Royal Palm Rd., Suite-J, Phoenix Arizona 85021.

13. TransUnion is a *credit reporting agency*, as defined in 15 USC 1681a(f). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. TransUnion can be served through its registered agent Prentice-Hall Corp System located at 2338 W Royal Palm Rd., Suite-J, Phoenix Arizona 85021.

14. On information and belief, Experian, Equifax, and TransUnion disburse the *consumer reports* to third parties under contract for monetary compensation.

15. At all relevant times, Defendants acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION

16. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. 1681.

17. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendants transact business here, personal jurisdiction is established.

## FACTUAL ALLEGATIONS

18. On October 7, 2010, Plaintiff filed Chapter 7 Bankruptcy in the Phoenix District of Arizona: Case number 2:10-bk-32462.

19. On January 18, 2011, Plaintiff received a discharge of her Chapter 7 Bankruptcy.

20. The Bankruptcy resulted in no payments made to unsecured creditors and a complete discharge of all unsecured debts.

21. On March 16, 2011, Plaintiff filed Chapter 13 Bankruptcy in the Phoenix District of Arizona: Case number 2:11-bk-06754.

22. On September 12, 2016, Plaintiff's Chapter 13 Bankruptcy case was completed with all payments timely made under the plan.

23. The Chapter 13 was closed on November 15, 2016 without a discharge being granted since Plaintiff had received a Chapter 7 discharge prior to the Chapter 13 filing.

24. The Chapter 13 resulted in Plaintiff's payments to Defendant Key Bank, which resulted in payment of the debt in full (*see attached Exhibit A*, Key Bank payment details from Trustee).

25. On December 16, 2016 Plaintiff obtained her three-bureau consumer credit report and discovered that Key Bank account, which was paid in full through her 2011 Chapter 13 bankruptcy, was inaccurately reporting to both Experian and Equifax as charged off with an outstanding balance.

26. Plaintiff also discovered from the December 16, 2016 credit report that her Macy's/DSNB account was reporting inaccurate thirty-day late payments in February 2016 and May 2016 to Experian and TransUnion which was during the Chapter 13 plan.

27. Plaintiff further discovered that an open Verizon collection was listed on all three of her bureau reports, although Plaintiff has never had a Verizon account.

28. On or about January 20, 2017, Plaintiff submitted a dispute to Experian and Equifax regarding the Key Bank account, to Experian and Transunion regarding the erroneous late payments reporting on the Macy's/DSNB account, and to all three bureaus regarding the erroneous Verizon account that was not hers.

29. Plaintiff received no responses to her disputes from either Equifax or TransUnion.

30. On or about February 17, 2017, Plaintiff received a reply from Experian stating that the Key Bank dispute was pending. No changes were made to the Macy's/DSNB or Verizon accounts and all three accounts continued to report inaccurately.

31. On or about February 20, 2017, Plaintiff again sent letters to Equifax, Experian and TransUnion requesting them to perform a reinvestigation and respond to her disputes in writing.

32. On or about February 20, 2017, Plaintiff sent a dispute directly to Macy's/DSNB explaining that she was never late and Macy's/DSNB should remove the late payments.

33. On or about February 20, 2017, Plaintiff also sent a dispute to Verizon explaining that the account on her credit report was not hers and she wanted it deleted.

34. On or about March 9, 2017, Plaintiff received a reply from Macy's/DSNB asking Plaintiff to send Macy's/DSNB all sixteen digits of the account number, a copy of her credit report, pulled within the last thirty days, and a letter of explanation—none of which is required under the FCRA.

35. Plaintiff received a response from TransUnion on or about April 5, 2017. TransUnion deleted the Verizon account, but continued to report the Key Bank and Macy's/DSNB accounts inaccurately.

36. Plaintiff received a response from Experian on or about April 20, 2017. Experian deleted the Key Bank account, but continued to report the Verizon and Macy's/DSNB accounts inaccurately.

37. On or about April 20, 2017, Plaintiff sent letters to Experian, Equifax, and TransUnion requesting again that they correct the errors on her credit report.

38. Plaintiff received a response from Equifax on or about April 28, 2017. Equifax stated it had verified its reporting of the Key Bank and Verizon accounts were accurate, and Equifax refused to make changes to correct the accounts. Equifax did not mention the Macy's/DSNB account.

39. On or about June 2, 2017, Plaintiff applied for a mortgage loan and obtained her latest credit report. Key Bank was still reporting as a charged off account on both TransUnion and Equifax, and reporting a balance of $840 on Equifax. Verizon was still fraudulently reporting on Equifax and Experian. Macy's was still reporting the

erroneous thirty-day late payments in February and May of 2016 to all three bureaus.

40. Furthermore, Trans Union was reporting that Plaintiff received a discharge of the Chapter 13 bankruptcy; this is not possible and a false characterization of the status of the bankruptcy.

41. After running Plaintiff's mortgage application through Fannie Mae's Desktop Underwriting, the mortgage company denied Plaintiff's loan because of the erroneous reporting to her credit file.

42. On or about June 7, 2017. Plaintiff sent final letters to Equifax and TransUnion requesting they correct their reporting of the Key Bank account.

43. Upon information and belief, Defendants failed to conduct any meaningful investigation of Plaintiffs' disputes.

44. As a result of Defendants' failure to adequately investigate Plaintiffs' disputes, Plaintiff has suffered extreme emotional distress and mental anguish.

45. Upon information and belief Plaintiff's disputes were sent to Macys, DSNB, Key Bank and Verizon by the various credit reporting agencies through the e-Oscar system.

46. The Defendants' failure to accurately report the Key Bank, Macy's/DSNB, and Verizon accounts caused Plaintiff extreme emotional distress and mental anguish along with actual loss of credit opportunity, higher interest rates and monetary losses.

//

//

//

## FIRST CAUSE OF ACTION

**Defendants Key Bank, Verizon, and Macy's/DSNB**
**Violations of the FCRA, 15 U.S.C. § 1681 *et. seq.***

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The FCRA requires a furnisher such as Key Bank, Macy's/DSNB, and Verizon, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

49. Key Bank, Verizon, and Macy's/DSNB have provided inaccurate information to the credit reporting agencies.

50. Plaintiff repeatedly notified Experian, TransUnion and Equifax that her credit reports concerning Defendants Key Bank, Verizon, and Macy's/DSNB accounts were inaccurate. Plaintiff further notified Key Bank, Verizon, and Macy's/DSNB directly of their reporting inaccuracies. Thereafter, the credit reporting agencies notified Defendants Key Bank, Verizon, and Macy's/DSNB that Plaintiff was disputing the information it had furnished to the credit reporting agencies.

51. Defendants Key Bank, Verizon, and Macy's/DSNB violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(a), (b):

52. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiffs disputed;

53. Willfully and negligently failing to review all relevant information concerning Plaintiffs mortgage;

54. Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

55. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

56. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiffs;

57. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning both Plaintiffs to the credit reporting agencies; and

58. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(a), (b).

59. Defendants Key Bank, Verizon, and Macy's/DSNB conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681n.

//

//

**SECOND CAUSE OF ACTION**

**DEFENDANTS TRANSUNION, EQUIFAX, AND EXPERIAN VIOLATED THE FAIR CREDIT REPORTING ACT, (FCRA), 15 U.S.C. § 1681 *et seq.***

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a *consumer reporting agency* is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

62. The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the credit-reporting agency is required to "review and consider all relevant information submitted by the consumer."

63. Within the two years preceding the filing of this complaint, Plaintiff notified Defendants TransUnion, Equifax, and Experian of an inaccuracy contained in its reports and asked them to correct the inaccuracy.

64. Defendants TransUnion, Equifax, and Experian, failed to conduct a reasonable reinvestigation of the inaccuracy that the Plaintiff disputed.

65. Defendants TransUnion, Equifax, and Experian, failed to review and consider all relevant information submitted by the Plaintiff.

66. The defendant credit reporting agencies failed to employ and follow reasonable procedures to assure maximum possible accuracy of the Plaintiff's credit report, information, and file, in violation of 15 U.S.C. § 1681e(b).

67. Specifically, defendant Trans Union improperly reported Plaintiff's Chapter 13 as having been discharged in bankruptcy despite the clearly inaccurate nature of such reporting.

68. As a result of the above-described violations of § 1681i and § 1681e(b), Plaintiff has sustained damages.

69. Defendants TransUnion, Equifax, and Experian's violations of the FCRA was willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o and 1692k(1);

B. Statutory damages pursuant to 15 U.S.C. § 1692k(2)(a);

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o and 1692k(3);

D. Punitive damages pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a)(2).

E. Any pre-judgment and post judgment interest as may be allowed under the law; and

F. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

DATED this 19th day of September 2017.

**PRICE LAW GROUP, APC**

By: /s/David A. Chami

David A. Chami
Attorney for Plaintiff Kathleen Arthur